UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

P.A.M. TRANSPORT INC.                                                              PLAINTIFF

v.                                       No. 5:23-cv-5002

SCHELL & KAMPETER, INC.
d/b/a DIAMOND PET FOODS                                        DEFENDANT

**OPINION AND ORDER**

Before the Court is Defendant Schell & Kampeter, Inc. d/b/a Diamond Pet Foods's ("Diamond") motion (Doc. 16) to dismiss Plaintiff P.A.M. Transport Inc.'s ("PAM") amended complaint (Doc. 14) for failure to state a claim. The Court has also reviewed Diamond's brief (Doc. 17) in support of its motion, as well as PAM's response (Doc. 18) in opposition. For the reasons given below, Diamond's motion will be DENIED.

According to the amended complaint, PAM is a federally licensed interstate motor carrier, and Diamond is a pet food product manufacturer and seller. *See* Doc. 14, ¶¶ 6–7. Between May 2021 and June 2022, PAM transported hundreds of shipments of pet food from a Diamond facility in Dumas, Arkansas to Diamond's customer, Costco, in Tepeji, Mexico. *See id.* at ¶¶ 8–9. PAM alleges that it has not been paid for these services, which have a value of $1,209,912. *See id.* at ¶¶ 11–12. The amended complaint brings four alternatively pleaded counts against Diamond for failure to pay motor carrier freight charges, breach of contract, unjust enrichment, and promissory estoppel.

Diamond has moved to dismiss the amended complaint on the grounds that it fails to state a claim for relief, and that PAM has failed to join a necessary party. *See* Fed. R. Civ. P. 12(b)(6)–(7). Reading the amended complaint in the light most favorable to PAM and drawing all reasonable inferences from its allegations in PAM's favor, *see Gallagher v. City of Clayton*, 699

1

F.3d 1013, 1016 (8th Cir. 2012), the amended complaint easily contains sufficient allegations to show that PAM is entitled to relief. PAM has alleged that Diamond, through a third party acting as Diamond's agent (hereinafter "the broker"), hired PAM for shipment services which PAM performed, and that PAM has not been paid for these services. Diamond claims it has in fact paid (the broker) for these services, and that it should not have to pay (PAM) again; but this is a fact outside the pleadings which the Court is not permitted to consider at this stage. To whatever extent Diamond disputes PAM's allegations or believes facts omitted from the pleading preclude relief, that is a matter more appropriately addressed at the summary judgment stage after the parties have conducted discovery. Nor does it make any difference right now whether PAM's counts are ultimately incompatible with each other; PAM has pleaded them in the alternative, which the Federal Rules permit. *See* Fed. R. Civ. P. 8(d)(2)–(3).

As for the other claimed ground for dismissal, Diamond argues that the broker is a necessary party to this action, *see id.* at 19(a), and that PAM's failure to join the broker warrants dismissal of this case, *see id.* at 12(b)(7). This argument rests entirely on Diamond's assertion that it has already paid for PAM's services and that PAM should be seeking payment from the broker rather than from Diamond. But even if these facts are true, Diamond has not explained how the broker's absence from the case affects Diamond's ability to advance this defense. *See id.* at 19(a)(1)(B). And even if the broker's absence does prejudice Diamond's defense, Diamond has not explained why it cannot simply join the broker to this case by filing a third-party complaint. *See id.* at 19(a)(2), (b); *see also id.* at 14(a). Diamond has the burden of showing these things, *see United States ex rel. Century Ready Mix Corp. v. N. Am. Specialty Ins. Co.*, 2009 WL 650183, at *1 (W.D. Ark. Mar. 11, 2009) (citing *Citizen Band Potawatomi Indian Tribe v. Collier*, 17 F.3d 1292, 1293 (10th Cir. 1994)), which it has failed to carry.

IT IS THEREFORE ORDERED that Defendant Schell & Kampeter, Inc. d/b/a Diamond Pet Foods's motion to dismiss (Doc. 16) is DENIED.

IT IS SO ORDERED this 10th day of March, 2023.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE