UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

P.A.M. TRANSPORT INC.                                                                                    PLAINTIFF

v.                                              No. 5:23-cv-5002

SCHELL & KAMPETER, INC.
d/b/a DIAMOND PET FOODS                              DEFENDANT/THIRD-PARTY PLAINTIFF

v.

CASH FLOW FINANCIAL, LLC
d/b/a/ GREENBACK CAPITAL;
PRIORITY LOGISTICS, INC.                                       THIRD-PARTY DEFENDANTS

**OPINION AND ORDER**

Before the Court is Third-Party Defendant Cash Flow Financial LLC d/b/a Greenback Capital's ("Greenback") motion (Doc. 39) to set aside the Clerk's entry of default (Doc. 33). Greenback also filed a brief in support (Doc. 40). Defendant/Third-Party Plaintiff Schell & Kampeter, Inc. d/b/a Diamond Pet Foods ("Diamond") filed a response in opposition (Doc. 42). Diamond has also moved for a default judgment (Doc. 30).

Plaintiff P.A.M. Transport Inc. ("PAM") sued Diamond, alleging four alternatively pleaded counts for failure to pay motor carrier freight charges, breach of contract, unjust enrichment, and promissory estoppel. (Doc. 14). The Court previously denied Diamond's motion to dismiss the complaint for failure to state a claim and failure to join a necessary party. (Doc. 24). The Court rejected the necessary party argument because "Diamond [had] not explained why it cannot simply join the broker to this case by filing a third-party complaint." *Id.* at 2. After the Court denied the motion to dismiss, Diamond filed a timely third-party complaint against Greenback and Priority Logistics, Inc. (Doc. 26). Diamond alleged Priority Logistics is the transportation company it retained to transport Diamond products to various customers. *Id.* ¶ 8.

1

Diamond also alleged it received a letter in April 2022 instructing it to start submitting payments for Priority's shipments to Greenback, which it did. *Id.* ¶ 21.

Diamond served Greenback by mail on April 11, 2023, making Greenback's answer due on May 2, 2023. (Doc. 29). This deadline passed without action by Greenback. The Clerk entered Greenback's default on May 25, 2023 (Doc. 33). About three weeks later, Greenback's counsel entered an appearance and filed an answer. (Docs. 36–38). Two days after that, Greenback moved to set aside the default, explaining that Greenback's failure to answer was "inadvertent and due to miscommunication with Greenback's mail forwarding service, CityCentral." (Doc. 39, p. 2).

An entry of default may be set aside for good cause. Fed. R. Civ. P. 55(c). This stems from a strong preference for adjudication on the merits and an interest in preserving the "fundamental fairness of the adjudicatory process." *Oberstar v. F.D.I.C.*, 987 F.2d 494, 504 (8th Cir. 1993). As a default judgment has not been entered in this case, the Court need only determine whether good cause exists to set aside the Clerk's entry of default. "When examining whether good cause exists, the district court should weigh whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused." *Stephenson v. El-Batrawi*, 524 F.3d 907, 912 (8th Cir. 2008) (internal quotation marks omitted). Setting aside a Clerk's entry of default for good cause does not require as strong a showing as setting aside a default judgment. *See Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 784 (8th Cir. 1998). A more lenient good cause standard is justified because "it is likely that a party who promptly attacks an entry of default, rather than waiting for grant of a default judgment, was guilty of an oversight and wishes to defend the case on the merits." *Id.*

Greenback's delay stems from issues with its mail-forwarding service. (Doc. 39, p. 2). According to Greenback's president, Greenback arranged its mail services through CityCentral, a company that offers collaborative workspaces. (Doc. 39-1, ¶ 10). CityCentral closed the branch Greenback used in April 2023 and did not forward mail to Greenback in April or early May of 2023. *Id.* ¶ 12.[1] Greenback did not know about the lawsuit until May 19th, when its president emailed a CityCentral employee about not receiving mail. *Id.* ¶¶ 13–14. The employee then scanned images of Greenback's unforwarded mail and emailed the images to Greenback. *Id.* ¶ 14. The scan included an envelope with the summons and third-party complaint. *Id.* After learning of the lawsuit, Greenback worked with its retained attorneys to find local counsel in Arkansas. *Id.* ¶ 15.

Greenback filed its answer 25 days after learning of the lawsuit, and a total of 42 days after the answer was originally due. In considering whether Greenback's conduct is blameworthy or culpable, the Court distinguishes between "intentional delay[s]" and "marginal failure[s] to meet pleading or other deadlines." *Johnson*, 140 F.3d at 784. The Eighth Circuit has previously held a three-month delay was not culpable or blameworthy and the court was within its discretion to set aside the default. *Grant v. City of Blytheville*, 841 F.3d 767, 773 (8th Cir. 2016); *see also Johnson v. Leonard*, 929 F.3d 569, 574 (8th Cir. 2019) (district court did not err in setting aside entry of default even with a nearly six-month delay between answer due date and motion to set aside

---

[1] Diamond attached an email that CityCentral purportedly sent to Greenback dated January 11, 2023, stating that CityCentral was closing the location Greenback used. *See* Doc. 42-1. Diamond argues this email shows Greenback was "failing to tend to its own business." (Doc. 42, p. 7). Even assuming this email shows Greenback had knowledge of CityCentral closing its location, the email states "all accounts will be transferred to our Park Cities location that has amazing benefits to offer this community." (Doc. 42-1, p. 1). The email does not say anything about discontinuing its mail forwarding services. In short, the Court is not convinced this email shows Greenback was blameworthy or culpable.

3

default).[2]  The delay Greenback caused was shorter than the three-month delay in *Grant* and the six-month delay in *Johnson*.  Exercising its discretion, the Court finds Greenback caused only a marginal delay and was not blameworthy or culpable, so this factor weighs in favor of setting aside the default.

The Court must next consider whether the defaulting party has a meritorious defense and whether the other party will be prejudiced if the default were excused.  *Stephenson*, 524 F.3d at 912.  "Whether a meritorious defense exists is determined by examining whether the proffered evidence would permit a finding for the defaulting party."  *Id.* at 914 (cleaned up).  A district court does not err in setting aside default when a defaulting party sets forth a meritorious defense to the claims in its answer.  *Grant*, 841 F.3d at 772–73.  Diamond's only claim against Greenback seeks a declaratory judgment that the shipment expenses Diamond paid to Greenback are not the property of Greenback, but of third-party service providers, including PAM.  (Doc. 26, ¶ 48).  Greenback disputes the allegations in its answer and asserts statute of limitations and laches affirmative defenses.  (Doc. 38, ¶¶ 46–54).  This answer is likely sufficient to provide Greenback a meritorious defense.

Greenback goes on to assert that it holds a perfected, first-priority security interest in the accounts, among other assets, of Priority Logistics that would defeat PAM's unsecured claims.  (Doc. 39-1, ¶¶ 5–8).  Greenback explains that it filed a UCC-1 Financing Statement on August 17, 2021, with the Kansas Secretary of State that perfects its security interest in Priority Logistics' assets.  *Id.* ¶ 6.  In December 2022, a third-party company, as representative of Greenback's

---

[2] While the Eighth Circuit did not reference the length of delay, the district court's order explained the defendant was served on June 16, 2016 and defendant moved to set aside the default on January 13, 2017.  *See Johnson v. Leonard*, 2017 WL 11568686, at *1–*2 (D. Minn. May 10, 2017).

interest in the initial financing statement, mistakenly terminated the financing statement without Greenback's authorization. *Id.* ¶ 7. In its brief, Greenback argues in a footnote that the purported termination was ineffective because Greenback did not authorize the termination. (Doc. 40, pp. 2–3 n.2) (citing Tex. Bus. & Com. Code Ann. § 9.510). That section of Texas's adoption of the Uniform Commercial Code addresses the effectiveness of a filed record. While the Court will not rule on the merits of that defense, the Court will find that asserting this defense, coupled with Greenback's answer, satisfies Greenback's burden to set aside the entry of default. The second factor favors Greenback.

The third and final factor—potential prejudice to Diamond—also favors Greenback. A party cannot show prejudice based on delay alone; rather, prejudice must take a more concrete form, such as "loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Johnson*, 140 F.3d at 785 (quoting *Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir. 1990)). Greenback points out that Diamond will still have to litigate its case against PAM, so Diamond will not be prejudiced by pursuing its own claim against Greenback. (Doc. 40, p. 7). Diamond's prejudice arguments about whether it will have to re-pay for services it already paid are better reserved for argument on the merits rather than an entry of default judgment. In sum, the delay here does not amount to prejudice and in the absence of any other concrete form of prejudice, this factor weighs in favor of setting aside default.

Requiring Diamond to litigate and conduct discovery on the claims it raises is not prejudicial. *Johnson*, 140 F.3d at 785. The factors do not overcome the Court's strong preference for adjudication on the merits, and Greenback's attack on the entry of default before a default judgment was entered demonstrates that Greenback wishes to defend the case on the merits. *Id.* at 784. The Court finds good cause to set aside Greenback's default.

IT IS THEREFORE ORDERED that Greenback's motion to set aside the entry of default (Doc. 39) is GRANTED, and the Clerk's entry of default (Doc. 33) is SET ASIDE.

IT IS FURTHER ORDERED that Diamond's motion for default judgment (Doc. 30) is DENIED AS MOOT.

IT IS SO ORDERED this 25th day of July, 2023.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE