UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

P.A.M. TRANSPORT INC.                                                                                    PLAINTIFF

v.                                          No. 5:23-cv-5002

SCHELL & KAMPETER, INC.
d/b/a DIAMOND PET FOODS                              DEFENDANT/THIRD-PARTY PLAINTIFF

v.

CASH FLOW FINANCIAL, LLC
d/b/a/ GREENBACK CAPITAL;
PRIORITY LOGISTICS, INC.                                        THIRD-PARTY DEFENDANTS

**OPINION AND ORDER**

Before the Court is Defendant/Third-Party Plaintiff Schell & Kampeter, Inc. d/b/a Diamond Pet Foods's ("Diamond") motion (Doc. 71) to voluntarily dismiss without prejudice its third-party complaint against Third-Party Defendant Cash Flow Financial, LLC d/b/a Greenback Capital ("Greenback"). Greenback responded (Doc. 72) in opposition, and Diamond replied (Doc. 78). For the reasons given below, Diamond's motion will be GRANTED.

After P.A.M. Transport Inc. ("PAM") sued Diamond for allegedly not paying motor carrier freight charges, Diamond filed a third-party complaint against Greenback and Priority Logistics, Inc. (Doc. 26). Diamond sought a declaration that certain payments Diamond made to Greenback were PAM's property. *Id.* ¶ 48. Diamond also sought imposition of a constructive trust on the payments that it made to Greenback. *Id.* ¶ 49. Diamond now moves to voluntarily dismiss its claim against Greenback without prejudice. (Doc. 71).

"Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Rule 41(a)(2) is designed to "prevent voluntary dismissals which unfairly affect the other side. Courts

1

will generally grant dismissals where the only prejudice the defendant will suffer is that resulting from a subsequent lawsuit." *Adams v. USAA Cas. Ins. Co.*, 863 F.3d 1069, 1079 (8th Cir. 2017) (quotations omitted).  The Court looks to the following factors: "(1) whether the plaintiff has presented a proper explanation for the desire to dismiss, (2) whether the defendant has expended considerable effort and expense in preparing for trial, (3) whether the plaintiff exhibited 'excessive delay and lack of diligence' in prosecuting the case, and (4) whether the defendant has filed a motion for summary judgment." *Beaver v. Bretherick*, 227 F. App'x 518, 520 (8th Cir. 2007) (citing *Paulucci v. City of Duluth*, 826 F.2d 780, 782 (8th Cir. 1987)).

The Court finds that Diamond's request for dismissal without prejudice is proper.  First, Diamond has presented a proper explanation for its desire to dismiss Greenback.  Diamond explains that Greenback's connection to this case arises out of its connection to Priority because Greenback was serving as a factor of Priority.[1]  (Doc. 78, p. 2).  Diamond worries that a jury will not understand why Greenback is in the case when Priority is not.[2]  Second, Diamond notes that depending on the underlying claims between Diamond and PAM, the constructive trust remedy it seeks from Greenback may not be necessary.  The Court concludes that the first factor favors granting the motion because Diamond has presented a proper explanation.

The second factor also favors granting the motion because Greenback has not expended considerable effort and expense preparing for trial.  Greenback argues it would be prejudiced because it has engaged in substantial discovery and had finished preparing its summary judgment motion.  According to Diamond, Greenback's involvement in discovery has been limited, with

---

[1] A factoring business purchases accounts from businesses.  (Doc. 40, p. 2).  Here, Greenback purchased Priority's accounts.  *Id.*

[2] All claims against Priority are currently stayed because Priority filed for bankruptcy and is subject to an automatic stay.

Greenback answering only nine interrogatories and five requests for production. Greenback has neither deposed anyone nor appeared at any depositions. This limited participation in discovery cannot show prejudice. *Blaes v. Johnson & Johnson*, 858 F.3d 508, 513 (8th Cir. 2017) ("Neither 'the expense and effort of drafting and responding to discovery' nor the loss of a tactical advantage constitute legal prejudice.") (internal quotation omitted). Greenback notes that it prepared its full summary judgment briefing before Diamond moved to dismiss its claims against Greenback. While the Court acknowledges preparing a summary judgment motion can be time consuming, the Court fails to see how this rises to the level of prejudice required to deny a motion to dismiss. *See id.* (affirming dismissal even when parties had "prepared for trial for over two years, and the court had already overseen discovery and considered some pretrial motions."). Greenback's work on its summary judgment motion and involvement in discovery does not justify denying the motion.

As to the third factor, Diamond has exhibited neither excessive delay nor lack of diligence in prosecuting its case. Greenback points out that Diamond moved to stay this entire case. True, but when the Court denied that motion, Diamond changed tack and continued prosecuting its case by seeking relief in the bankruptcy court to conduct discovery into Priority. Seeking a stay did not cause any delay,[3] and Diamond has not otherwise shown a lack of diligence in prosecuting its claims.

Finally, when Diamond moved to voluntarily dismiss Greenback, no summary judgment motions had been filed. Shortly after Greenback filed its response to this motion, Greenback moved for summary judgment. *See* Doc. 73. But before Greenback filed its motion, the Court extended the deadline for dispositive motions by about 90 days. (Docs. 69, 70). Greenback

---

[3] Arguably, Greenback delayed the litigation by defaulting before answering the third-party complaint. (Doc. 33). Greenback then moved the Court to set aside the default, which the Court did. (Doc. 44).

3

emphasizes that it had finished its motion before the Court extended the dispositive motions deadline. That does not change the fact that Diamond moved to dismiss Greenback before Greenback moved for summary judgment. Also, the pending summary judgment motion does not require the Court to deny the motion to dismiss. *Metro. Fed. Bank of Iowa, F.S.B. v. W.R. Grace & Co.*, 999 F.2d 1257, 1262 (8th Cir. 1993). The other factors all favor granting the motion to dismiss, and the Court still considers dismissal proper despite the pending summary judgment motion.

In sum, the Court finds that all the factors support granting the motion to dismiss. Greenback has not shown how it would be prejudiced beyond having to litigate a potential second lawsuit. Moreover, a dismissal would not be a waste of judicial time and effort. *See Tillman v. BNSF Ry. Co.*, 33 F.4th 1024, 1027 (8th Cir. 2022) ("When ruling on a Rule 41(a)(2) motion, district courts must consider . . . 'whether a dismissal would result in a waste of judicial time and effort. . . .'"). While Greenback may be frustrated with the timing of Diamond's motion, Greenback still has all its discovery and can refile its summary judgment motion if Diamond later decides to bring another suit against Greenback.

IT IS THEREFORE ORDERED that Diamond's motion (Doc. 71) is GRANTED. Diamond's third-party claims against Greenback are DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Greenback's motion (Doc. 73) for summary judgment is moot because Greenback is no longer a party.

IT IS SO ORDERED this 12th day of February, 2024.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE