UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

P.A.M. TRANSPORT INC.                                                                                    PLAINTIFF

v.                                            No. 5:23-cv-5002

SCHELL & KAMPETER, INC.
d/b/a DIAMOND PET FOODS                              DEFENDANT/THIRD-PARTY PLAINTIFF

v.

PRIORITY LOGISTICS, INC.                                             THIRD-PARTY DEFENDANT

## OPINION AND ORDER

Before the Court is Plaintiff P.A.M. Transport Inc.'s ("PAM") motion (Doc. 58) to dismiss and/or strike Defendant Schell & Kampeter, Inc. d/b/a Diamond Pet Foods's ("Diamond") counterclaims. The Court has also reviewed PAM's brief (Doc. 59) in support of its motion, as well as Diamond's response (Doc. 60) in opposition. For the reasons given below, PAM's motion will be DENIED.

According to the amended complaint, PAM is a federally licensed interstate motor carrier, and Diamond is a pet food product manufacturer and seller. *See* Doc. 14, ¶¶ 6–7. Between May 2021 and June 2022, PAM transported hundreds of shipments of pet food from a Diamond facility in Dumas, Arkansas to Diamond's customer, Costco, in Tepeji, Mexico. *See id.* at ¶¶ 8–9. PAM alleges that it has not been paid for these services, which have a value of $1,209,912. *See id.* at ¶¶ 11–12. The amended complaint brings four alternatively pleaded counts against Diamond for failure to pay motor carrier freight charges, breach of contract, unjust enrichment, and promissory estoppel.

After some discovery, Diamond filed an amended answer that included counterclaims against PAM. (Doc. 57). Diamond brings two claims against PAM: fraud and constructive fraud.

1

According to the counterclaims, Diamond retained Priority Logistics, Inc. ("Priority") to transport its products to its customers. *Id.* at ¶ 6. Priority would submit invoices to Diamond with the costs for the shipments and Priority's commission, and Diamond paid each invoice for nearly ten months. *Id.* at ¶¶ 7–9. After making those payments, Diamond received a letter from PAM saying PAM was retained by Priority to make Diamond's shipments, but PAM had not been paid for about 400 consecutive shipments. *Id.* at ¶¶ 10–11. PAM's complaint seeks payment for those shipments from Diamond.

Diamond alleges that PAM knew that Priority had accrued these outstanding balances over this months-long period and PAM knew Diamond was unaware of the balance. *Id.* at ¶ 15. PAM's Vice President of Accounting acknowledged Diamond would stop doing business with Priority once Diamond learned of the balance. *Id.* Also, Diamond claims PAM decided to continue the shipments for Diamond, thus increasing the balance owed, because PAM could go after Diamond for the payment. *Id.* In total, PAM was silent about Priority's failure to pay for almost a year and for about 400 shipments, despite internal PAM payment terms which require payments be made to PAM within 15 days. *Id.* at ¶ 16.

PAM has moved to dismiss the counterclaim on the grounds that it fails to state a claim for relief. *See* Fed. R. Civ. P. 12(b)(6). Alternatively, PAM has moved to strike the counterclaims because, according to PAM, the counterclaims are nothing more than defenses to its own claims. *See* Fed. R. Civ. P. 12(f). Reading the counterclaim in the light most favorable to Diamond and drawing all reasonable inferences from its allegations in Diamond's favor, *see Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012), the counterclaim contains sufficient allegations to show that Diamond is entitled to relief.

2

Diamond must plead its fraud claims with particularity. Fed. R. Civ. P. 9(b). That means pleading "the who, what, when, where, and how: the first paragraph of any newspaper story." *Summerhill v. Terminix, Inc.*, 637 F.3d 877, 880 (8th Cir. 2011) (quoting *Great Plains Trust Co. v. Union Pac. R.R. Co.*, 492 F.3d 986, 995 (8th Cir. 2007)). Diamond has satisfied that standard. Diamond alleges that PAM, through its VP of Accounting, knew Diamond was unaware of the outstanding balance and knew that PAM could go after Diamond. Diamond also alleged that PAM had a duty to disclose the lack of payments because there was an inequality of condition and knowledge which allowed PAM, but not Diamond, to know about the lack of payments from Priority. (Doc. 57, ¶ 20). Diamond also alleges the "when" and "where" of the fraud by pointing to emails from PAM's VP of Accounting and other details about the missed payments. These allegations satisfy the heightened standard to plead fraud.

PAM argues that it had no duty to disclose because Diamond failed to allege a special relationship between the two parties that would impose such a duty. As PAM acknowledges, "silence can amount to actionable fraud in some circumstances where the parties have a relation of trust or confidence, where there is inequality of condition and knowledge, or where there are other attendant circumstances." *Holiday Inn Franchising, Inc. v. Hotel Assocs., Inc.*, 382 S.W.3d 6, 14 (Ark. Ct. App. 2011) (citing *Farm Bureau Pol'y Holders v. Farm Bureau Mut. Ins. Co.*, 984 S.W.2d 6, 14–15 (Ark. 1998)). Furthermore, to see if such circumstances exist, "the events surrounding the parties' transaction may be considered." *Id.* (citing *Lambert v. Firstar Bank*, 127 S.W.3d 523, 527–28 (Ark. Ct. App. 2003)).

Diamond has alleged that there was an inequality of condition or knowledge between the parties. Diamond explained that it received invoices from Priority, and Diamond paid those invoices. Diamond further alleged it had no way of knowing PAM was not receiving payments

3

from Priority because PAM was in a better place to know such details.  This is sufficient to state a claim, which is all that is required at this stage.  The facts may not bear out Diamond's claims.  *See, e.g.*, *Badger Capital, LLC v. Chambers Bank of N. Ark.*, 650 F.3d 1125, 1131–32 (8th Cir. 2011) (affirming grant of summary judgment on fraudulent-concealment claim because there were no facts establishing special circumstances).  If PAM believes there is no dispute of facts as to the duty to disclose, PAM can reassert that argument in a summary judgment motion.

IT IS THEREFORE ORDERED Plaintiff P.A.M. Transport Inc.'s motion (Doc. 58) to dismiss and/or strike Diamond's counterclaims is DENIED.

IT IS SO ORDERED this 13th day of February, 2024.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE