IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

P.A.M. TRANSPORT, INC.                                                              PLAINTIFF

V.                            CASE NO. 5:23-CV-5002

SCHELL & KAMPTER, INC.
D/B/A/ DIAMOND PET FOODS                                DEFENDANT

AND

SCHELL & KAMPTER, INC.
D/B/A/ DIAMOND PET FOODS                      THIRD-PARTY PLAINTIFF

V.

PRIORITY LOGISTICS                              THIRD-PARTY DEFENDANT

## OPINION AND ORDER

Currently before the Court is the Report and Recommendation ("R&R") (Doc. 102) of the Honorable Christy Comstock, United States Magistrate Judge for the Western District of Arkansas, filed in this case on February 4, 2025, concerning a Motion for Summary Judgment filed by Plaintiff P.A.M. Transport, Inc. ("PAM") (Doc. 87) and a Cross-Motion for Summary Judgment filed by Defendant Schell & Kampter, Inc. d/b/a Diamond Pet Foods ("Diamond") (Doc. 90).

This is a breach of contract case. Defendant Diamond, a manufacturer of pet food, hired a freight broker, Third-Party Defendant Priority Logistics, to coordinate hundreds of shipments of pet food from Dumas, Arkansas, to Mexico between May 2021 and June 2022. Priority Logistics then hired Plaintiff PAM, a federally licensed motor carrier, to perform the transportation services for Diamond. It is undisputed that Diamond paid Priority Logistics in full for all of PAM's services, but Priority Logistics stopped passing

1

those payments on to PAM and eventually declared bankruptcy. Now PAM has brought suit against Diamond for breach of contract, seeking over one million dollars in unpaid trucking fees. In response, Diamond has asserted equitable defenses to contract under Arkansas law and counterclaims for fraud and constructive fraud. According to Diamond's theory of the case, PAM knew for many months that it was not being paid by Priority Logistics, but PAM kept that knowledge a secret and only alerted Diamond once the unpaid bills had skyrocketed out of control. Diamond now finds itself in the unfortunate position of having to pay the same bills twice.

Magistrate Judge Comstock recommends granting in part and denying in part PAM's Motion for Summary Judgment and denying Diamond's Cross-Motion. In doing so, she makes the following findings:

- the bills of lading, accompanied by PAM's invoices, establish basic transportation contracts between Diamond and PAM;
- Priority Logistics was Diamond's agent, and Diamond was therefore bound to the contracts Priority Logistics entered into with PAM on Diamond's behalf;
- Diamond's liability under these contracts is subject to its equitable defenses; and
- Diamond's counterclaims for fraud and constructive fraud merit dismissal with prejudice.

On February 18, 2025, PAM and Diamond filed Objections to the R&R. *See* Docs. 103 & 104. Then, on March 4, PAM filed a Response to Diamond's Objections (Doc. 105). The Court has now conducted a *de novo* review of the record as to all proposed findings and recommendations that have drawn objection. *See* 28 U.S.C. § 636(b)(1).

## I. OBJECTIONS

Diamond lodges two objections to the R&R. First, it objects that Priority Logistics was not acting as its agent, but rather was an independent contractor. The Court disagrees and finds the Magistrate Judge's analysis of the issue is correct and that there is no genuine, material dispute that Priority Logistics was, in fact, Diamond's agent. *See* Doc. 102, pp. 12–14. Second, Diamond objects to the Magistrate Judge's finding that the counterclaims for fraud and constructive fraud should be dismissed. Once again, the Court agrees with the Magistrate Judge. Diamond has failed to assert any legally cognizable damage flowing from PAM's alleged action or inaction; "Diamond does not dispute that it received the benefit of each shipment—Diamond's freight (pet food) was transported to its customer Costco who paid Diamond for the pet food." *Id.* at p. 20.

PAM also has two objections to the R&R. First, PAM argues that there is no genuine, material dispute about the amount of money that is owed to PAM. The Court generally agrees that PAM's calculations of its unpaid freight charges are not in dispute; however, the Court cannot award damages to PAM just yet because the jury must assess the merits of Diamond's equitable defenses. If Diamond prevails on its defenses of equitable estoppel or the doctrine of avoidable consequences under Arkansas law, the total damages Diamond will owe to PAM will be reduced. PAM's second objection is that Diamond is not entitled to assert these equitable defenses as a matter of law, and the Court disagrees for the reasons stated in the R&R. *See id.* at pp. 18–19.

The parties' Objections are therefore **OVERRULED**.

## II. CONCLUSION

**IT IS ORDERED** that the R&R (Doc. 102) is **ADOPTED IN FULL**. PAM's Motion for Summary Judgment (Doc. 87) is **GRANTED IN PART AND DENIED IN PART**. The Court finds that the bills of lading, accompanied by PAM's invoices, establish basic transportation contracts between Diamond and PAM; however, liability under these contracts is subject to Diamond's equitable defenses. The Court also finds that PAM is entitled to judgment on Diamond's counterclaims for fraud and constructive fraud, which are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Diamond's Motion for Summary Judgment (Doc. 90) is **DENIED**.

**IT IS SO ORDERED** on this 31st day of March, 2025.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE