IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

P.A.M. TRANSPORT, INC.                                                                     PLAINTIFF

V.                                        CASE NO. 5:23-CV-5002

SCHELL & KAMPTER, INC.
d/b/a DIAMOND PET FOODS                                                            DEFENDANT

OPINION AND ORDER

Following a trial where a jury awarded it damages for breach of contract, P.A.M. Transport is now seeking attorneys' fees and costs (Doc. 144), which Diamond Pet Foods opposes (Doc. 146). For the reasons stated below, the Motion is **GRANTED IN PART AND DENIED IN PART**.

Diamond, a manufacturer of pet food, retained a freight broker called Priority Logistics to find a motor carrier to transport Diamond's product from Dumas, Arkansas, to Mexico. Priority selected P.A.M., a federally licensed motor carrier, to do the trucking work. In 2019, P.A.M. began transporting the pet food. Although Diamond paid *Priority* in full for P.A.M.'s deliveries, Priority failed to pass Diamond's payments on to P.A.M. What resulted was a lawsuit where P.A.M. sued Diamond and demanded payment of its invoices in full, plus interest. Diamond asserted defenses of mitigation and estoppel. Priority declared bankruptcy shortly after the lawsuit was filed, leaving Diamond and P.A.M. to fight about the unpaid invoices.

On September 16, 2025, the Court convened a jury trial on P.A.M.'s claim for breach of contract. Three days later, the jury awarded P.A.M. $246,758.00, which represented a small fraction of the $1,908,913.92 in damages it had requested. It appears the jury was persuaded by Diamond's affirmative defenses.

1

Despite the fact that P.A.M. was awarded only 12.93% of its requested damages, it still prevailed on its breach of contract claim. Therefore, under Arkansas Code § 16-22-308, the Court may award P.A.M. its reasonable attorneys' fees. *See CJ Bldg. Corp. v. TRAC-10*, 368 Ark. 654, 659 (2007) ("We have said that there can be only one prevailing party in an action for the recovery of a money judgment, and the prevailing party is the party whose favor the verdict compels a judgment.").[1] Whether and how much to award in fees are issues left to the Court's discretion. *See TCBY Sys., Inc. v. RSP Co.,* 33 F.3d 925, 930 (8th Cir. 1994); *First United Bank v. Phase II*, 347 Ark. 879, 901 (2002).

The following factors set forth by the Arkansas Supreme Court in *Chrisco v. Sun Industries, Inc.*, 304 Ark. 227, 229–30 (1990), and cited to with approval by the Eighth Circuit, *see All-Ways Logistics, Inc. v. USA Truck, Inc.*, 583 F.3d 511, 521 (8th Cir. 2009), are to be considered when arriving at a reasonable fee award: the amount of time counsel invested in the lawsuit; the appropriateness of counsel's rates, given the experience and ability of the attorneys; the time and labor required to perform the legal services properly; the amount potentially at issue in the case; the results obtained; the novelty and difficulty of the issues involved; and the prevailing rate customarily charged in this area for similar legal services. "While courts should be guided by [these] factors, there is no fixed formula in determining the reasonableness of an award of attorney's fees." *Phelps v. U.S. Credit*

---

[1] In the alternative, P.A.M. argues that it is entitled to its reasonable fees and costs because Priority entered into an agreement with P.A.M. that promised Priority would pay "all costs and expenses associated with collection efforts, including but not limited to reasonable attorney's fees and expenses." P.A.M. argues that Diamond, as Priority's principal, was bound by this language and, as a result, now owes P.A.M. its attorneys' fees. The Court finds it need not decide whether this agreement was binding on Diamond because P.A.M. is entitled to its reasonable attorneys' fees under Arkansas Code § 16-22-308.

*Life Ins. Co.*, 340 Ark. 439, 442 (2000). Moreover, "when the trial judge is familiar with the case and the service done by the attorneys, the fixing of a fee is within the discretion of the court." *Hartford Accident & Indem. Co. v. Stewart Bros. Hardware Co.*, 285 Ark. 352, 354 (1985).

The two attorneys for P.A.M. who appeared at trial were Jeffrey D. Cohen and Timothy L. Frey. Both are experienced litigators whose biographies are appended to the Motion. The Court had an opportunity to watch these attorneys in action and finds that they represented their client ably. As a result, the Court finds that Mr. Cohen, who has nearly thirty years of experience in the specialty area of trucking law, is entitled to a reasonable hourly rate—commensurate with that which is ordinarily charged in Northwest Arkansas by lawyers of equal proficiency—of $400. Mr. Frey, who has fourteen years of experience, is entitled to a reasonable rate of $350 per hour.

P.A.M. also seeks reimbursement for the work performed by Mr. Cohen's associates: Nicholas Stevens, Matthew J. Haskins, Melissa Lagournis, and Hemna Chaudry. The Motion does not disclose any information about these associates except the year that each was licensed to practice law. Based on that information alone, the Court finds Mr. Stevens and Mr. Haskins—who have nine years and eight years of experience, respectively—are entitled to $325 per hour, and Ms. Lagoumis and Ms. Chaudry—who have three years and two years of experience, respectively—are entitled to $250 per hour. Finally, the Court has examined the itemized billing records and finds that the number of hours that all attorneys billed for their services was reasonable.

Accordingly, the following table shows the appropriate calculation of fees for P.A.M.'s counsel's work on this case:

| Name | Role | Bar Date | Hours | Rate | Total |
|---|---|---|---|---|---|
| Jeffrey D. Cohen | Partner | 1996 | 234.5 | $400 | $ 93,800.00 |
| Timothy L. Frey | Partner | 2011 | 953.1 | $350 | $333,585.00 |
| Nicholas Stevens | Assoc. | 2016 | 11.7 | $325 | $ 3,802.50 |
| Matthew J. Haskins | Assoc. | 2017 | 15.7 | $325 | $ 5,102.50 |
| Melissa Lagoumis | Assoc. | 2022 | 10.2 | $250 | $ 2,550.00 |
| Hamna Chaudry | Assoc | 2023 | 40.4 | $250 | $ 10,100.00 |
| TOTAL | | | | | $448,940.00 |

However, because P.A.M. recovered only 12.93% of the amount demanded, it is fair to say that the jury was persuaded by Diamond's affirmative defenses and P.A.M.'s victory was quite modest. In fact, experienced observers might pragmatically view the jury's award as a defense verdict. It is therefore reasonable and appropriate to discount P.A.M.'s fee award by fifty percent to account for "the amount involved in the case and the results obtained." *Chrisco*, 304 Ark. at 229. The fee award is therefore **$224,470.00.** The Court also awards P.A.M. **$17,257.10** in out-of-pocket litigation costs, which are both reasonable and appropriate. *See* Fed. R. Civ. P. 54(d); 28 U.S.C. § 1920.

**IT IS THEREFORE ORDERED** that the Motion for Attorneys' Fees and Costs (Doc. 144) is **GRANTED IN PART AND DENIED IN PART**. Diamond is **ORDERED** to pay P.A.M. attorneys' fees of $224,470.00 and costs of $17,257.10, for a grand total of

**$241,727.10**. The Court will issue an amended judgment reflecting this additional award.

 **IT IS SO ORDERED** on this 9th day of December, 2025.

            */s/ Timothy L. Brooks*
            _____
            TIMOTHY L. BROOKS
            CHIEF UNITED STATES DISTRICT JUDGE